# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK A. McFADZEAN,  | CASE NO. 1:05-CV-00056-OWW-LJO-P |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND |
| v. | (Doc. 1) |
| HARLEY G. LAPPIN, et al., | |
| Defendants. | |

I.  Screening Order

    A.  Screening Requirement

Plaintiff Mark A. McFadzean ("plaintiff") is a federal prisoner proceeding pro se and in forma pauperis in this civil action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), which provides a remedy for violation of civil rights by federal actors. Plaintiff filed this action on January 14, 2005.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

B. Summary of Plaintiff's Complaint

The events at issue in the instant action allegedly occurred at United States Penitentiary-Atwater, where plaintiff was incarcerated at the time. Plaintiff names Bureau of Prisons (BOP) Director Harley G. Lappin, BOP Western Region Director Robert Haro, Warden Paul M. Schultz, Associate Warden Alan D. Booth, Associate Warden Richard T. Luna, Associate Warden Cathryn S. Grant, Captain Joseph W. Moorhead, Ricardo Willis, Registered Nurse L. Mettry, Physician Assistant Masoud Shojaei, Physician Assistant Stanislaw Sielicki, and Rey Rijos as defendants. Plaintiff is seeking money damages and injunctive relief.[1]

Plaintiff was transferred to USP-Atwater on April 18, 2002, and was subsequently arrested by custody staff on May 23, 2003, for allegedly participating in a scheme to introduce drugs into the institution. Shortly thereafter, plaintiff began to complain to the medical department about lower abdominal pain. In July of 2003, plaintiff began to complain about his unlawful placement in the Special Housing Unit (SHU) and the unsanitary conditions there. Plaintiff alleges that laundry was

---

[1] A federal court has no authority to issue opinions upon moot issues. See County of Los Angeles v. Davis, 440 U.S. 625 (1979); Aguirre v. S.S. Sohio Intrepid, 801 F.2d 1185 (9th Cir. 1986). When an inmate seeks injunctive or declaratory relief concerning the prison where he is incarcerated, his claims for such relief become moot when he is no longer subjected to those conditions. See Weinstein v. Bradford, 423 U.S. 147, 148-49 (1975) (finding prisoner's due process claim to be moot once he obtained a full release from prison supervision); Dilley v. Gunn, 64 F.3d 1365, 1368-69 (9th Cir. 1995) (finding prisoner's suit for library access to be moot upon his transfer to another prison); Chronicle Publishing Co. v. Rison, 962 F.2d 959, 960 (9th Cir. 1992) (finding a prisoner's suit challenging prison's publication regulations to be moot upon prisoner's release on parole). Because plaintiff is no longer incarcerated at USP-Atwater, his request for injunctive relief is moot.

only washed every six to eight weeks, and cleaning supplies were never issued. Plaintiff alleges that he was informed by defendants Schultz, Booth, and Gant that pursuant to defendant Lappin's order, plaintiff had been placed in a pilot program where he would spend one year in the SHU.[2]

On September 26, 2003, plaintiff was diagnosed with a symptomatic left inguinal hernia and it was recommended that plaintiff see an outside medical specialist for possible surgery. On January 16, 2004, after persistent complaints, plaintiff was seen by an outside specialist, who recommended surgery. Plaintiff agreed to the surgery, which was conducted on March 9, 2004, at the local community hospital.

Plaintiff alleges that one hour after his surgery, he was returned to the prison, in violation of the community medical standard of care, and placed back in the SHU. On March 10, 2004, defendant Sielicki tossed plaintiff's medication on the floor of the cell even though it was nearly impossible for plaintiff to get off his bed to retrieve it. On March 11, 2004, defendant Shojaei removed plaintiff's bandage and told plaintiff to wash the wound, which was covered with dried blood and other fluids, with cold water before leaving. Plaintiff alleges that between March 11, 2004, and March 18, 2004, he had to use his shirt as a bandage to protect his wound, and had to dissolve soap in a peanut butter jar in order to cleanse his wound.

Plaintiff alleges that on March 11, 2004, while in extreme pain following his hernia surgery, he wrote Senator Barbara Boxer a letter concerning staff deliberate indifference. On March 26, 2004, Senator Boxer sent an inquiry to defendant Lappin concerning plaintiff's medical situation. Plaintiff alleges that defendant Booth thereafter sent a document containing false information to Senator Boxer, without conducting a thorough investigation into plaintiff's allegations of medical neglect. Plaintiff alleges that in the report, defendant Mettry falsely stated that plaintiff denied having any pain and that he was able to make trips to the pharmacy to pick up Tylenol. Plaintiff further alleges that defendant Mettry failed to check his bandage to ensure that it was dry and clean, but stated otherwise.

///

---

[2] Plaintiff appears to be alleging that the pilot program was for anyone defendant Lappin deemed to be a problem child, although the allegation is not entirely clear.

    C.    <u>Plaintiff's Bivens Claims</u>[3]

        1.    <u>Equal Protection Claims</u>

Plaintiff alleges that defendants Lappin, Haro, Schultz, Luna, and Rijos violated his right to equal protection by "incorporating plaintiff on program without his consent to profiteer and privateer," and defendants Lappin, Haro, Schultz, Booth, and Moorhead violated his right to equal protection by placing him in a "supermax prison 24 hours lock down programs . . . ." (Comp., 1st & 2nd causes of action.) Plaintiff alleges that defendants Lappin, Haro, Schultz, Booth, Luna, Gant, Moorhead, and Willis violated his equal protection rights by placing him in "a supermax twenty fours hour pilot programs lockdown," which prevented him from enjoying rehabilitative prison programs, "without committing any offence under 28 (CFR) 541.00. . . ." (Comp., 5th cause of action.)

Equal protection claims arise when a charge is made that similarly situated individuals are treated differently without a rational relationship to a legitimate purpose. See <u>San Antonio School District v. Rodriguez</u>, 411 U.S. 1 (1972). In order to state a claim based on a violation of the Equal Protection Clause of the Fifth Amendment, a plaintiff must show that defendants acted with intentional discrimination against plaintiff or against a class of inmates which included plaintiff. <u>Village of Willowbrook v. Olech</u>, 528 U.S. 562, 564 (2000) (equal protection claims may be brought by a "class of one"); <u>Reese v. Jefferson Sch. Dist. No. 14J</u>, 208 F.3d 736, 740 (9th Cir. 2000); <u>Barren v. Harrington</u>, 152 F.3d 1193, 1194 (9th Cir. 1998); <u>Federal Deposit Ins. Corp. v. Henderson</u>, 940 F.2d 465, 471 (9th Cir. 1991); <u>Lowe v. City of Monrovia</u>, 775 F.2d 998, 1010 (9th Cir. 1985). "A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." <u>Barren</u>, 152 F.3d at 1194.

Although plaintiff alleges generally that he was discriminated against based on his race, plaintiff has not alleged any facts that support this legal conclusion. Plaintiff must allege some facts that would support a claim that defendants intentionally discriminated against him based on his race.

---

[3] In his complaint, plaintiff lists seven causes of action. Within each cause, or claim, plaintiff sets forth multiple claims. For example, the first cause of action alleges claims for conspiracy, equal protection, and due process. For the sake of clarity and the ease of analysis, the court lists plaintiff's claims by claim rather than by plaintiff's listed causes of action.

4

Plaintiff has not done so and therefore fails to state any claims for relief under Bivens for violation of Equal Protection Clause.

### 2. Due Process

Plaintiff alleges that defendants Lappin, Haro, Schultz, Luna, and Rijos violated his right to due process by "incorporating plaintiff on program without his consent to profiteer and privateer," and defendants Lappin, Haro, Schultz, Booth, and Moorhead violated his due process rights by placing him in a "supermax prison 24 hours lock down programs . . . ." (Comp., 1st & 2nd causes of action.) Plaintiff alleges that defendants Lappin, Haro, Schultz, Booth, Luna, Gant, Moorhead, and Willis violated his due process rights by placing him in "a supermax twenty fours hour pilot programs lockdown," which prevented him from enjoying rehabilitative prison programs, "without committing any offence under 28 (CFR) 541.00 . . . ."[4] (Comp., 5th cause of action.)

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Liberty interests may arise from the Due Process Clause itself or from state or federal law. Hewitt v. Helms, 459 U.S. 460, 466-68 (1983). The Due Process Clause itself does not confer on inmates a liberty interest in being confined in the general prison population instead of segregation. See Hewitt, 459 U.S. at 466-68. With respect to liberty interests arising from state or federal law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the deprivation. Sandin v. Conner, 515 U.S. 472, 481-84 (1995). Liberty interests created by prison regulations are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484.

Defendants' alleged failure to comply with the Code of Federal Regulations is not sufficient, by itself, to give rise to a claim for relief for violation of the Due Process Clause. In order to pursue a due process claim, plaintiff must first establish the existence of a liberty interest in remaining free

---

[4] Section 541.13 of the Code of Federal Regulations governs prohibited acts and a disciplinary severity scale. 28 C.F.R. § 541.13 (2005).

5

from the SHU. Plaintiff has not done so. The allegations that laundry was done every six to eight weeks and that cleaning supplies were not provided are not sufficient to demonstrate that plaintiff has a liberty interest at stake with respect to placement in the SHU. Further, prisoners are not entitled to rehabilitative programs. Rizzo v. Dawson, 778 F.2d 527, 530-31 (9th Cir. 1985). Therefore, the inability of plaintiff to access rehabilitative programs while in the SHU does not establish the existence of a protected liberty interests.

### 3. Eighth Amendment Medical Care Claim

Plaintiff alleges defendants Lappin, Haro, Schultz, Luna, and Willis violated his Eighth Amendment rights by returning him to prison within one hour of his surgery in order to save money and in contravention of the community medical standard of care, and placed in him in an unsanitary special housing unit cell. (Comp., 3rd & 4th causes of action.) Plaintiff alleges that defendants Schultz, Luna, Willis, Mettry, Shojaei, and Sielicki failed to provide pain medication and clean medical dressing for his surgical wound. (Comp., 6th cause of action.)

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). The "deliberate indifference" standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must act with a "sufficiently culpable state of mind," which entails more than mere negligence, but less than conduct undertaken for the very purpose of causing harm. Farmer v. Brennan, 511 U.S. at 837. A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Id.

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), citing Estelle, 429 U.S. at 105-06. "[A] complaint that a physician has been negligent in diagnosing or treating a medical

6

condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle v. Gamble, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin v. Smith, 974 F.2d 1050, 1050 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990). A prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

The facts set forth by plaintiff are insufficient to support a claim that defendants "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health or safety." Farmer v. Brennan, 511 U.S. at 837. The Eighth Amendment does not entitle plaintiff to the highest quality of medical care available and the defendants' actions as described by plaintiff simply do not rise to the level of an Eighth Amendment violation. Further, "[a] difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a . . . claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted). Thus, plaintiff's allegation that he was returned to the prison from the hospital prematurely is insufficient to support a claim for relief for violation of the Eighth Amendment.

### 4. False Report to Senator Boxer

Plaintiff alleges that his rights under 18 U.S.C. § 4042, 18 U.S.C. § 241, 42 U.S.C. § 1985(3), and the Eighth Amendment were violated by defendants Lappin, Schultz, Booth, Luna, Willis, Mettry, Shojaei, and Sielicki when they filed a false report during an investigation by Senator Barbara Boxer. (Comp., 7th cause of action.)

#### a. 18 U.S.C. § 4042 and 18 U.S.C. § 241

Plaintiff does not state a claim for relief under either 18 U.S.C. § 4042 or 18 U.S.C. § 241. Section 4042 sets forth the duties of the Bureau of Prisons. The statute does not provide for a cause of action, and plaintiff may not base a claim for relief in this action on an alleged violation of this section. Section 241 is a criminal statute and does not provide for a private civil cause of action.

Newcomb v. Ingle, 827 F.2d 675, 677 n.1 (10 th Cir. 1987). Accordinlgy, plaintiff fails to state a claim for relief in this action based on the violation of either section 4042 or 241.

        b.      42 U.S.C. § 1985(3)

Section 1985 proscribes conspiracies to interfere with an individual's civil rights. To state a cause of action under section 1985(3), plaintiff must allege: (1) a conspiracy, (2) to deprive any person or class of persons of the equal protection of the laws, (3) an act by one of the conspirators in furtherance of the conspiracy, and (4) a personal injury, property damage or deprivation of any right or privilege of a citizen of the United States. Gillispie v. Civiletti, 629 F.2d 637, 641 (9th Cir. 1980); Giffin v. Breckenridge, 403 U.S. 88, 102-03 (1971). Section 1985 applies only where there is a racial or other class-based discriminatory animus behind the conspirators' actions. Sever v. Alaska Pulp Corp., 978 F.2d 1529, 1536 (9th Cir. 1992). In interpreting these standards, the Ninth Circuit has held that a claim under § 1985 must allege some facts to support the allegation that defendants conspired together. Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 626 (9th Cir. 1988). A mere allegation of conspiracy without factual specificity is insufficient to state a claim under 42 U.S.C. § 1985. Id.; Sanchez v. City of Santa Anna, 936 F.2d 1027, 1039 (9th Cir. 1991).

Plaintiff's conclusory allegation that defendants conspired to cover up the violation of plaintiff's rights by filing a false report is insufficient to give rise to a claim for relief under section 1985(3).

        c.      Eighth Amendment

Plaintiff's allegation that defendants filed a false report is insufficient to support a claim based on a violation of the Eighth Amendment. "[E]xtreme deprivations are required to make out a[n] [Eighth Amendment] conditions-of-confinement claim." Hudson v. McMillian, 503 U.S. 1, 9 (1992) (citation omitted). "Because routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." Id. (quotations and citations omitted). Filing an allegedly false report simply does not provide a basis upon which to impose liability under the Eighth Amendment.

///

5. Conspiracy

Plaintiff alleges that defendants conspired to violate his rights set forth in the preceding subsections. (Comp., 1st through 7th causes of action.) An actionable Bivens conspiracy claim requires (1) the existence of an express or implied agreement among the defendants to deprive the plaintiff of his constitutional rights, and (2) an actual deprivation of those rights resulting from that agreement. Ting v. United States, 927 F.2d 1504, 1512 (9th Cir. 1991). Plaintiff has not set forth any facts that support the existence of a conspiracy between defendants. Additionally, plaintiff's allegations are insufficient to support a claim that he was deprived of any rights a result of the conspiracy.

D. Conclusion

The court finds that plaintiff's complaint does not contain any claims upon which relief may be granted under Bivens. The court will provide plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the court in this order.

Plaintiff is informed he must demonstrate in his complaint how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Further, supervisory personnel cannot be held liable in a Bivens action for the actions of their employees under a theory of respondeat superior. Terrell v. Brewer, 935 F.2d 1015, 1018 (9th Cir. 1991). Therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief for supervisory liability, plaintiff must allege some facts indicating that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and

is 'the moving force of the constitutional violation.'" <u>Hansen v. Black</u>, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989).

Finally, plaintiff is advised that Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state any claims upon which relief may be granted under <u>Bivens</u>;

2. The Clerk's Office shall send plaintiff a <u>Bivens</u> complaint form;

3. Within **thirty (30) days** from the date of service of this order, plaintiff shall file an amended complaint; and

4. If plaintiff fails to file an amended complaint in compliance with this order, the court will recommend that this action be dismissed, without prejudice, for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

**Dated:   June 17, 2005**          /s/ Lawrence J. O'Neill
b9ed48                              UNITED STATES MAGISTRATE JUDGE