# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK A. McFADZEAN,<br><br>   Plaintiff,<br><br>   v.<br><br>HARLEY G. LAPPIN, et al.,<br><br>   Defendants.<br>_____/ | CASE NO. 1:05-CV-00056-OWW-LJO-P<br><br>ORDER DISMISSING AMENDED COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO COMPLY WITH RULE 8<br><br>(Doc. 17) |

I.   Screening Order

   A.   Screening Requirement

Plaintiff Mark A. McFadzean ("plaintiff") is a former federal prisoner proceeding pro se and in forma pauperis in this civil action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), which provides a remedy for violation of civil rights by federal actors. Plaintiff filed this action on January 14, 2005. On June 20, 2005, the court dismissed plaintiff's complaint, with leave to amend, for failure to state a claim upon which relief may be granted. Plaintiff filed an amended complaint on August 10, 2005.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.[1] 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

---

[1] Although plaintiff is no longer incarcerated, he was a prisoner at the time this suit was filed.

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

### B.   Failure to Comply with Rule 8(a)

When the court screened plaintiff's original complaint, it invested a significant amount of time sorting through plaintiff's myriad of claims. (Doc. 13.) Plaintiff's amended complaint is even lengthier than his original complaint, is rambling and confusing in nature, and fails to set forth the claims plaintiff is attempting to pursue in this action in a manner that complies with Federal Rule of Civil Procedure 8(a), which calls for a "short and plain statement of the claim showing that the pleader is entitled to relief."

In his amended complaint, plaintiff sets forth eight causes of action, some of which actually contain multiple causes of action. Despite including a section of causes of action, which the court should be able to rely on as setting forth the only legal claims plaintiff seeks to pursue in this action, plaintiff immediately follows with a section entitled "Request for Relief" in which plaintiff sets forth additional factual allegations concerning acts of retaliation, which were not raised in the section laying out the causes of action. (Amend. Comp., p.27(a).) It is plaintiff's duty to set forth in his claims in a manner that complies with Rule 8. It is not the duty of the court to sift through thirty-four pages of lengthy factual allegations and legal argument, and attempt to guess as to all of the claims plaintiff is attempting to pursue.

In amending his complaint, plaintiff must follow the instructions set forth on the form complaint provided with this order. Specifically, in support of his claims for relief in this action, which should be clearly identified so the court and defendants are aware of which claims are being pursued, plaintiff should set forth only the factual allegations that support those claims. Plaintiff should not make legal arguments. Further, plaintiff should not include extraneous facts which are irrelevant to the claims in this action.

///

///

C. <u>Conclusion</u>

Plaintiff's amended complaint shall be dismissed for failure to comply with Rule 8(a). The court will provide plaintiff with the opportunity to file a second amended complaint which complies with Rule 8(a). Plaintiff is referred back to the court's screening order of June 20, 2005, for further guidance.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's amended complaint is dismissed, with leave to amend, for failure to comply with Rule 8(a);

2. The Clerk's Office shall send plaintiff a <u>Bivens</u> complaint form;

3. Within **thirty (30) days** from the date of service of this order, plaintiff shall file a second amended complaint that complies with the directives in this order; and

4. If plaintiff fails to file a second amended complaint within thirty days, this action will be dismissed, without prejudice, for failure to comply with Rule 8(a) and failure to obey a court order.

IT IS SO ORDERED.

**Dated:   May 18, 2006**          **/s/ Lawrence J. O'Neill**
b9ed48                                             UNITED STATES MAGISTRATE JUDGE