# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK A. McFADZEAN, | CASE NO. 1:05-cv-00056-LJO-GSA PC |
| Plaintiff, | ORDER GRANTING DEFENDANTS' MOTION TO DISMISS OFFICIAL CAPACITY BIVENS CLAIMS AGAINST THEM |
| v. | |
| HARLEY G. LAPPIN, et al., | (Doc. 33) |
| Defendants. | |

I.  Procedural History

Plaintiff Mark A. McFadzean ("plaintiff") is a former federal prisoner proceeding pro se and in forma pauperis in this civil action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), which provides a remedy for violation of civil rights by federal actors. This action is proceeding on plaintiff's second amended complaint, filed August 14, 2006, against defendants Schultz, Gant, Booth, and Moorhead for depriving plaintiff of his protected liberty interest in remaining free from segregation, in violation of the Fourth Amendment and the Due Process Clause of the Fifth Amendment, and against defendants Willis, Shojari, Sielicki, and Mettry for acting with deliberate indifference to plaintiff's serious medical needs, in violation of the Eighth Amendment. On August 17, 2007, defendants Schultz, Gant, Booth, Moorhead, Willis, Shojari, Sielicki, and Mettry ("defendants") filed a motion to dismiss the claims against them in their official capacities for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). Plaintiff did not file a response. Local Rule 78-230(m).

///

1  II.     Legal Standard

2        "The focus of any Rule 12(b)(6) dismissal . . . is the complaint." Schneider v. California
3  Dept. of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998). In considering a motion to dismiss for
4  failure to state a claim, the Court must accept as true the allegations of the complaint in question,
5  Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the
6  light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor.
7  Jenkins v. McKeithen, 395 U.S. 411, 421, reh'g denied, 396 U.S. 869 (1969). The federal system
8  is one of notice pleading. Galbraith v. County of Santa Clara, 307 F.3d 1119, 1126 (2002). "Rule
9  8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of
10 which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002);
11 Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement
12 of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a
13 statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds
14 upon which it rests." Swierkiewicz, 534 U.S. at 512.

15       The Court may dismiss a complaint only if it is clear that no relief could be granted under any
16 set of facts that could be proved consistent with the allegations. Id. at 514. Discovery and summary
17 judgment motions - not motions to dismiss - "define disputed facts" and "dispose of unmeritorious
18 claims." Id. at 512. "'The issue is not whether a plaintiff will ultimately prevail but whether the
19 claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the
20 pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353
21 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also
22 Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the
23 opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir.
24 2001))). A motion to dismiss for failure to state a claim should not be granted unless it appears
25 beyond doubt that plaintiff can prove no set of facts in support of the claim that would entitle him
26 to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S.
27 41, 45-46 (1957)); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th
28 Cir. 1981).

III.     Discussion and Order

In his second amended complaint, plaintiff alleges Bivens claims against defendants in their official and individual capacities. (Doc. 22, pgs. 3-5.) While federal officers may be held liable for damages for the violation of an inmate's constitutional rights, Correctional Serv. Corp. v. Malesko, 534 U.S. 61, 66, 122 S.Ct. 515, 519 (2001) (citing Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999 (1971)), Bivens claims are only available against defendants in their individual capacities, Vaccaro v. Dobre, 81 F.3d 854, 857 (9th Cir. 1996).[1]

Accordingly, defendants' motion to dismiss the official capacity Bivens claims against them, filed August 17, 2007, is HEREBY GRANTED, and plaintiff's official capacity claims are dismissed, with prejudice.

IT IS SO ORDERED.

**Dated:    October 15, 2007**              /s/ Lawrence J. O'Neill
                                            UNITED STATES DISTRICT JUDGE

---

[1] A Bivens claim is not available against the United States. FDIC v. Meyer, 510 U.S. 471, 486 (1994); Cato v. United States, 70 F.3d 1103, 1110 (9th Cir. 1995).