# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK A. McFADZEAN, | CASE NO. 1:05-cv-00056-LJO-GSA PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANTS' MOTION TO DISMISS CLAIM ARISING FROM PLACEMENT IN SEGREGATION FOR FAILURE TO EXHAUST BE GRANTED |
| v. | |
| HARLEY G. LAPPIN, et al., | |
| Defendants. | (Doc. 66) |
| | OBJECTIONS DUE WITHIN THIRTY DAYS |

**Findings and Recommendations on Defendants' Motion to Dismiss Claim**

**I.     Procedural History**

Plaintiff Mark A. McFadzean ("Plaintiff") is a former federal prisoner proceeding pro se and in forma pauperis in this civil action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), which provides a remedy for violation of civil rights by federal actors.  This action is proceeding on Plaintiff's second amended complaint, filed August 14, 2006, against Defendants Schultz, Gant, Booth, and Moorhead for depriving Plaintiff of his protected liberty interest in remaining free from segregation, in violation of the Fourth Amendment and the Due Process Clause of the Fifth Amendments, and against Defendants Willis, Shojari, Sielicki, and Mettry for acting with deliberate indifference to Plaintiff's serious medical needs, in violation of the Eighth Amendment.  (Doc. 24.)

On January 22, 2008, pursuant to Federal Rule of Civil Procedure 12(b), Defendants Schultz, Gant, Booth, and Moorhead filed a motion to dismiss Plaintiff's claim arising from his placement

in segregation for failure to exhaust the available administrative remedies.[1] (Docs. 66, 67.) Plaintiff filed a response on February 25, 2008.[2] (Doc. 71.)

## II. Exhaustion Requirement

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 127 S.Ct. 910, 918-19 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532, 122 S.Ct. 983 (2002).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which Defendants have the burden of raising and proving the absence of exhaustion. Jones v. Bock, 127 S.Ct. 910, 921 (2007); Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. Wyatt, 315 F.3d at 1119 (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)). In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact. Wyatt, 315 F.3d at 1119-20. If the Court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. Id.

## III. Defendants' Motion

Defendants move for dismissal of Plaintiff's claim that he was placed in segregation in violation of his constitutional rights on the ground that Plaintiff failed to exhaust. In support of their

---

[1] Defendants concede exhaustion of the Eighth Amendment claim occurred.

[2] Plaintiff was provided with notice of the requirements for opposing an unenumerated Rule 12(b) motion on May 18, 2007. Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003). (Doc. 27.)

motion, Defendants submit the declaration of Jennifer Vickers, a Paralegal with the Federal Bureau of Prisons, and various administrative logs and grievances, discussed herein.

The Administrative Remedy Program, which allows federal inmates to grieve most conditions of their confinement, entails three steps. (Vickers' Dec., ¶2 (citing to 28 C.F.R. § 542.10 et seq.)) The grievance must first be presented at the institutional level. (Id.) The second level provides for submission of the grievance to the Regional Director and the third level provides for submission of the grievance to the General Counsel in the Central Office of the Bureau of Prisons. (Id.) Records reflect that Plaintiff submitted a grievance concerning an "illegal pilot program," which was rejected on December 18, 2004, because Plaintiff bypassed the first two levels of review.[3] (Id., ¶5.)

In his second amended complaint, Plaintiff alleges that his appeal was rejected at all levels. (Doc. 22, pg. 18.) In his response to the motion, Plaintiff states only that he does not contest the contents of Jennifer Vickers' declaration or the exhibits, and "leaves his evidence for summary judgment/jury trial." (Doc. 71, 1:30.)

Plaintiff has not submitted any evidence that he exhausted this claim, and Plaintiff does not appear to contest Defendants' motion. "[P]roper exhaustion of administrative remedies is necessary" and the exhaustion requirement may not be satisfied "by filing an untimely or otherwise procedurally defective . . . appeal." Woodford v. Ngo, 126 S.Ct. 2378, 2382 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules . . . ." Id. at 2386. Therefore, in the absence of any evidence to the contrary, the Court finds that rejection of the appeal does not constitute satisfaction of the exhaustion requirement. Defendants are entitled to dismissal of the claim and the Court shall recommend their motion be granted.

### IV. Conclusion and Recommendation

For the reasons set forth above, the Court finds that Plaintiff did not exhaust his claim against Defendants Schultz, Gant, Booth, and Moorhead. Accordingly, the Court HEREBY

---

[3] In his original complaint, Plaintiff referred to his placement in segregation as resulting from a pilot program, and Defendants presume this appeal is the one grieving his placement in segregation. (Doc. 1, pg. 11.) Plaintiff does not dispute this presumption and his second amended complaint contains an allegation that exhaustion occurred on December 18, 2004.

3

1  RECOMMENDS that Defendants Schultz, Gant, Booth, and Moorhead's motion to dismiss the
2  claim against them, filed January 22, 2008, be GRANTED, and Plaintiff's claim arising out of his
3  confinement in segregation be dismissed, without prejudice, for failure to exhaust.
4      These Findings and Recommendations will be submitted to the United States District Judge
5  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30)**
6  **days** after being served with these Findings and Recommendations, the parties may file written
7  objections with the Court.  The document should be captioned "Objections to Magistrate Judge's
8  Findings and Recommendations."  The parties are advised that failure to file objections within the
9  specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d
10 1153 (9th Cir. 1991).

13     IT IS SO ORDERED.
14     **Dated:**   **April 28, 2008**                    /s/ **Gary S. Austin**
                                                   UNITED STATES MAGISTRATE JUDGE