UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK McFADZEAN,<br><br>    Plaintiff,<br><br>v.<br><br>RICARDO WILLIS, MASOUD SHOJAEI, STANISLAW SIELICKI, and L. METTRY,<br><br>    Defendant. | CASE NO. **1:05-CV-00056-DCB** (PC)<br><br>**ORDER** |

  Plaintiff, a federal prisoner, proceeds pro se. He seeks relief against Defendants pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), for alleged violations of his constitutional rights. On January 13, 2005, Plaintiff filed a Complaint, which was screened, twice, pursuant to 28 U.S.C. § 1915A, and dismissed for failure to state a claim, with leave to amend. The case proceeded upon the filing of the Second Amended Complaint on August 14, 2006.

  Plaintiff alleged that Defendants Schultz, Gant, Booth, and Moorhead deprived him of his protected liberty interest in remaining free from segregation in violation of the Fourth Amendment and the Due Process Clause of the Fifth Amendment. He alleged that Defendants Willis, Shojaei, Sielicki and Mettry violated the Eighth Amendment by acting with deliberate indifference to his medical needs.

  On October 16, 2007, the Court granted Defendants' Motion to Dismiss all defendants named in their official capacity. Plaintiff failed to file a Response and dismissal was entered pursuant to Local Rule 78-230(m), which provides that the failure to oppose a motion "may be deemed a waiver of any opposition to the granting of the motion. . . ."

On January 1, 2008, Defendants filed a Motion to Dismiss the Plaintiff's Fourth and Fifth Amendment claims because he failed to administratively exhaust them. The Plaintiff filed a Response on February 25, 2008. A magistrate judge issued a Report and Recommendation that the Motion to Dismiss be granted. The Plaintiff filed an Objection, over which the Court adopted the Report and Recommendation and granted Defendants' Motion to Dismiss Plaintiff's Fourth and Fifth Amendment claims.

Only Count III remains, which is Plaintiff's allegation that Defendants Willis, Mettry, Shojaei, and Sielicki violated the Eighth Amendment to the United States Constitution by acting with deliberate indifference to his serious medical needs. He alleges that a needed surgical procedure to repair a hernia was delayed for six months. After finally receiving surgery at a local community hospital, he was returned to prison in less than three hours. He was housed in "S.H.U.," (Special Housing Unit), where post surgical care was inadequate or nonexistent. Specifically, he alleges that post surgery he had bleeding and leakage of body fluids from the incision and the medical care in S.H.U. was on a schedule for bandage and bedding changes and laundry that was inadequate to ensure cleanliness. He alleges he was not provided with adequate antibiotic or pain medication. (Second Amended Complaint at 3.)

On September 23, 2008, the Defendants filed a Motion for Summary Judgment. Defendants submit that Plaintiff has admitted his bedding was changed upon his request and, therefore, his claim of soiled bedding does not rise to the level of a constitutional violation. Overall, his allegations of inadequate medical care do not rise to the level of an Eighth Amendment claim of deliberate indifference. Defendants argue that Plaintiff's claims are barred by the doctrine of qualified immunity. To the extent that the Plaintiff seeks mental or emotional injury, his claims fail because he has not shown a physical injury as required under 42 U.S.C. § 1997e(e). To the extent the Plaintiff seeks to hold Defendants liable based

on the doctrine of *respondeat superior*, such claims fail as a matter of law under *Bivens*. Plaintiff has failed to file a Response to Defendants' Motion for Summary Judgment.

Plaintiff has been given notice of LR 78-230(m), which makes the failure to oppose a motion "a waiver of any opposition to the granting of the motion. . . ." (Second Informational Order at 2.)[1] Plaintiff was subject to the operation of Rule 78-230(m) when the Court dismissed all claims brought against Defendants in their official capacity. Plaintiff has exhibited his understanding of the Rule and his ability to file responsive pleadings as he did respond to the Report and Recommendation. Additionally, the Defendants reminded the Plaintiff of LR 78-230(m) with the filing of the Motion for Summary Judgment. (Notice of Motion for Summary Judgment.) Plaintiff was given notice regarding the requirements for opposing a motion for summary judgment made pursuant to Fed. R. Civ. P. 56. (Second Information Order at 3 (citing *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988); *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998)). Accordingly, the Court reviews the Defendants' arguments for summary judgment, pursuant to LR 78-230(m).

"A motion for summary judgment cannot be granted simply because the opposing party violated a local rule." *Marshall v. Gates*, 44 F.3d 722, 725 (9th Cir. 1995) (citing *Henry v. Gill Industries Inc.,* 983 F.2d 943, 950 (9th Cir. 1993). This is so because a party may oppose a motion for summary judgment without offering affidavits or any other materials in support of its opposition. "'Summary judgment may be resisted and must be denied on no other grounds than that the movant has failed to meet its burden of demonstrating the absence of triable issues.'" *Id.* at 106 (quoting *Henry*, 983 F.2d at 950).

The Court finds that the Defendants have carried their evidentiary burden and summary judgment is warranted in this case. The allegations in the Second Amended

---

[1] See also (Second Informational Order at ¶ 7 (dismissal as a sanction for failure to comply with this Order)); United States v. Warren, 601 F.2d 471, 474 (9th Cir. 1979 (dismissal is proper where party fails to follow a district court's local rules).

1  Complaint are insufficient to overcome the arguments and evidence provided by the
2  Defendants that the Plaintiff was NOT treated with deliberate indifference regarding his
3  medical needs.
4      The medical records reflect that he reported problems with his hernia on September
5  26, 2003, (MSJ, SOF at ¶ 5), and was given a referral for a medical consult and a
6  prescription for Motrin, *id.* at ¶ 6.   On December 19, Plaintiff inquired about surgery, and
7  on January 5, 2004, he was referred to Dr. Lawrence Mueller, M.D., an outside specialist.
8  *Id.* at ¶¶ 7-8.  Plaintiff was seen by Dr. Mueller on January 16, 2004, and underwent surgery
9  on March 9, 2004.  *Id.* at ¶¶ 9-10.  After the surgery, he was "totally medicated and had no
10 pain." (MSJ at 3 (citing Pl's Depo. at 85)).  He was ambulating and able to return to his cell
11 to sleep.  (MSJ, SOF at ¶12-13, 17.)
12     At his deposition, the Plaintiff testified that he woke around 7:00 p.m. on the 9th and
13 was in pain.  He alleged that when he asked for pain medication, he was told that he would
14 have to wait until the next day for pain medication because the physician's assistant had
15 already made the rounds.  He also alleged that Defendant Mettry did not check his surgical
16 dressing on the 9th. (MSJ at 5 (citing Pl's Depo. at 92)).
17     The medical records reflect, however, that she did check the dressing, found it to be
18 clean and dry, and advised him to not remove it until he was evaluated by the physician's
19 assistant.  She advised him to avoid heavy lifting and vigorous activity.  (MSJ, SOF at ¶¶13-
20 17; Ex. H.)
21     At his deposition the Plaintiff alleged that on the 10th, the physician's assistant,
22 Defendant Shojaei, was unaware he had surgery on the 9th, looked at his dressing from
23 outside the cell, and provided him with "some pills" by throwing them into the cell on the
24 floor and walking away.  Plaintiff alleges he did not take the medication because he was in
25 too much pain to retrieve them.  (MSJ at 5 (citing Pl's Depo. at 92-96, 102-103)).
26
27
28                                      4

It is undisputed that on March, 11, 2004, Defendant Shojaei changed Plaintiff's dressing, instructed him to keep the area dry and clean, and provided Tylenol #3 for pain. (MSJ, SOF at ¶ 18.) On March 18, 2004, at his follow-up evaluation, Plaintiff's only complaint was of constipation. He was prescribed fiber tablets. *Id.* at ¶ 20. On April 5, Plaintiff requested and was seen by medical staff in regards to his surgery, and the area was well healed with no inflamation or infection. *Id.* at ¶ 21.

Based on the undisputed medical records related to Plaintiff's hernia surgery, the Defendants have demonstrated the absence of a triable issue. The medical record supports only one conclusion: Defendants <u>did not</u> act with deliberate indifference to Plaintiff's medical needs. *See* Fed. R. Civ. P. 56(c) (summary judgement is appropriate if there is no genuine issue as to any material fact and moving party is entitled to judgment as a matter of law). As this Court informed the Plaintiff when it screened his original Complaint, allegations of negligence, indifference, and even gross negligence will not support a constitutional medical-care claim under the Eighth Amendment. (Order, filed June 20, 2005, at 6-7 (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1994); *Farmer v. Brennan*, 511 U.S. 825, 834, 837 (1994); *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980); *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990)).

Plaintiff believes that he should have been sent to the prison's medical unit, instead of back to his bed, or that he should have received pain medication, immediately, upon waking the evening of his surgery. He believes that the dressing should have been changed sooner or he should have received gauze or cleanser for the incision. A mere difference of opinion between prison officials and the prisoner concerning the appropriate course of treatment fails, however, to establish deliberate indifference. *Jackson v. McIntosh*, 90 F.3rd 330, 332 (9th Cir. 1996).

Plaintiff concedes that he healed "real fast" without any complications. (MSJ at 6 (citing Pl's Depo. at 120-121)). His allegation that his bedding was not changed by

5

1  Defendants is eviscerated by his admission that other prison staff changed his bedding upon
2  his request.  (MSJ at 10 (citing Pl's Depo. at 162-164)).

3  The Defendant also establishes that as a matter of law, the Plaintiff's most
4  "egregious" claims, which were made during his deposition, are subject to dismissal for
5  failing to raise and exhaust them administratively.  (MSJ at 7-10.)  There is no evidence that
6  he ever filed administrative grievances regarding his allegations that Defendant Mettry lied
7  about checking his bandage on the 9th and finding it clean and dry, or that Defendant Shojaei
8  did not know about his surgery on the 10th and provided pain medication that day by
9  throwing it on the floor of the cell.

10  Plaintiff cannot state any claim for mental or emotional injury because he fails to
11  show even *de minimis* physical injury.  (MSJ at 11-12 (citing *Oliver v. Keller*, 289 F.3d 623,
12  628-29 (9th Cir. 2002) (§ 1997e(e) requires more than *de minimis* physical injury to pursue
13  claims for mental and emotional injury)).

14  Lastly, Defendants are entitled to qualified immunity because their conduct did not
15  violate clearly established statutory or constitutional rights of which a reasonable person
16  would have known.  *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  Qualified immunity
17  protects "all but the plainly incompetent or those who knowingly violate the law." *Malley*
18  *v. Briggs*, 457 U.S. 335, 341 (1986). Qualified immunity is not merely a defense from
19  liability.  It is an immunity from prosecution.  In other words, it is an entitlement not to stand
20  trial.  Here, the Court need not reach the question of qualified immunity because it finds that
21  there has been no constitutional violation.  *Saucier v. Katz*, 533 U.S. 194, 201-202 (2001).

22  For all the reasons stated by Defendants, they are entitled to summary judgment.

23  **Accordingly,**

24  **IT IS ORDERED** that the Motion for Summary Judgment (document 85) is
25  GRANTED, pursuant to LR 78-230(m).

26  /////

27

28

1 /////

3 **IT IS FURTHER ORDERED** that the Clerk of the Court shall enter Judgement
4 accordingly.

5 DATED this 6th day of January, 2009.

David C. Bury
United States District Judge

7